| UNITED STATES DISTRICT COURT | ONLINE PUBLICATION ONLY |
| EASTERN DISTRICT OF NEW YORK | |

-----------------------------------------------------------x

MOHAMMED KARIMZADA,

       Petitioner,    MEMORANDUM AND ORDER

  -against-        09-CV-3317 (JG)

RAYMOND CUNNINGHAM, Superintendent,
Woodbourne Correctional Facility,

       Respondent.

-----------------------------------------------------------x

A P P E A R A N C E S:

 EPSTEIN & WEIL
   225 Broadway, Suite 1203
   New York, New York 10007
 By: Lloyd Epstein
   *Attorneys for Petitioner*

 ANDREW M. CUOMO
   Attorney General of the
   State of New York
   120 Broadway, 22nd Floor
   New York, New York 10271
 By: Alyson J. Gill
   *Attorney for Respondent*

JOHN GLEESON, United States District Judge:

  Mohammed Karimzada petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to overturn his conviction in New York State Supreme Court, Queens County, of rape and related crimes stemming from his assault of a woman in 1994. Karimzada claims that the trial judge's inquiry into the validity of his waiver of his right to trial by jury was inadequate. He also claims that the trial judge sentenced him harshly as punishment for exercising his constitutional right to trial instead of pleading guilty. For the reasons discussed below, the petition is denied.

BACKGROUND

The government's evidence at trial established that Karimzada raped a woman in Queens in the early hours of August 12, 1994, after meeting her in a Manhattan dance club and luring her into his car with the promise of a ride to her home in Staten Island. Although the police investigated the case, they were unable to identify the woman's assailant and sent the rape kit to cold storage in September 1994. In 2002, as part of an effort to solve old sexual assault cases, the police compared the DNA evidence in the rape kit to other samples contained in a recently created DNA databank. The DNA evidence matched a sample of Karimzada's blood that he had provided after being convicted in 1998 of a different rape. At the time of the match, Karimzada was serving an eight to sixteen year prison term for rape charges unrelated to the 1994 rape.

On May 22, 2003, a grand jury in the New York Supreme Court, Queens County, charged Karimzada with rape in the first degree, assault in the second degree, two counts of sexual abuse in the first degree, and unlawful imprisonment. On April 4, 2005, Karimzada waived his right to a jury trial in writing while standing next to his lawyer in open court. At his bench trial, Karimzada conceded that he had committed the rape; he argued in his defense only that the five-year statute of limitations for the rape charge had expired and that, since the police had not exercised "reasonable diligence" in trying to identify the perpetrator of the rape, the prosecution had not proven that the statute should be extended for another five years as permitted by New York law. N.Y. Crim. Proc. Law § 30.10(4)(a)(ii).

The judge found Karimzada guilty of all counts on June 6, 2005. On July 27, 2005, the judge sentenced him to concurrent terms of eight and one-third to twenty-five years on the rape count, two and one-third to seven years on each of the sexual assault and sexual abuse

counts, and one and one-third to four years on the unlawful imprisonment count. The concurrent terms were imposed consecutively to the prison term that Karimzada was serving at the time of sentencing.

Karimzada appealed, arguing that his conviction should be overturned because, among other reasons, the trial judge's on the record inquiry into the validity of his jury trial waiver was inadequate and because the trial judge had unconstitutionally lengthened his sentence as punishment for proceeding to trial instead of pleading guilty. The Appellate Division rejected both of these claims as unpreserved and affirmed his conviction. *People v. Karimzada*, 851 N.Y.S.2d 624 (2nd Dep't 2008). The Court of Appeals denied leave to appeal. 12 N.Y.3d 818 (2009).

Karimzada filed this petition on July 31, 2009. He asserts the same claims that the New York state courts rejected on direct appeal.

## DISCUSSION

A. *Legal Standard*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the scope of federal habeas review of claims challenging a state conviction that state courts have adjudicated on the merits. 28 U.S.C. § 2254(d). A federal court may overturn a state court's ruling on the merits of a claim only if the ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.*

Federal habeas courts do not generally examine claims challenging a state court conviction, even under this deferential standard, unless the petitioner "has exhausted the

remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A claim is unexhausted if a petitioner has failed to fairly present that claim to the highest state court with jurisdiction to hear the claim. *See Jones v. Keane*, 329 F.3d 290, 295 (2d Cir. 2003). Moreover, a federal habeas court generally may not review a claim on the merits, even if it is exhausted, if the state court decision rejecting that claim "rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). "This rule applies whether the state law ground is substantive or procedural." *Id.*

A federal court may not, however, accept an assertion that a claim is procedurally barred on state law grounds without examining the adequacy of the alleged procedural default. *See Cotto v. Herbert*, 331 F.3d 217, 239 (2003). "Ordinarily, violation of firmly established and regularly followed state rules . . . will be adequate to foreclose review of a federal claim," but "[t]here are . . . exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 534 U.S. 362, 885 (2002). In determining whether a case fits within that limited category, the Second Circuit has identified three "guideposts": "(1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state case law indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had substantially complied with the rule given the realities of trial, and therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest." *Cotto*, 331 F.3d at 240 (internal quotation marks omitted).

If the court finds that the alleged procedural default is adequate, it may not review the defaulted claim on the merits unless the petitioner can establish "cause for the default and

4

actual prejudice as a result of the alleged violation of federal law," *Coleman*, 501 U.S. at 750, or a fundamental miscarriage of justice, that is, the petitioner is actually innocent, *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002).

B.   *Analysis*

   *1.   Inadequate Inquiry into Validity of Jury Trial Waiver*

Karimzada argues that the trial judge's inadequate on the record examination of him regarding his decision to give up his right to trial by jury rendered his waiver invalid. The Appellate Division denied this claim as unpreserved. The respondent argues that the claim is procedurally defaulted because Karimzada failed to comply with New York's contemporaneous objection rule by protesting the extent of the inquiry "at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same." N.Y. Crim. Proc. Law § 470.05(2).

After considering the "guideposts" identified by the Second Circuit, I agree that this claim is properly deemed procedurally defaulted. *Cotto*, 331 F.3d at 242 (applying "guideposts" to determine adequacy of alleged procedural default for failure to make a contemporaneous objection). Here, even imperfect compliance with the contemporaneous objection requirement would have alerted the trial judge to Karimzada's belief that the inquiry into the validity of his waiver was insufficient. The trial judge might very well have responded by engaging in a more probing inquiry on the record.[1] In addition, the New York Court of Appeals has specifically held that a claim regarding "the procedure followed in approving the . . . waiver of jury trial" is subject to the contemporaneous objection rule. *People v. Johnson*, 51

---

[1] I do not address the other element of the first "guidepost" -- "whether the alleged procedural violation was actually relied on in the state court" – because, as the Second Circuit has noted, it obviously has less relevance in cases in which the alleged procedural default is a failure to comply with the contemporaneous objection rule. *Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir. 2003). In those cases, "the lack of a contemporaneous objection would not, almost by definition, be mentioned by the trial court." *Id.* at 242.

N.Y.2d 986, 987 (1980); *see also People v. Samuels*, 829 N.Y.S.2d 531, 532 (1st Dep't 2007) ("Defendant's general objection, through counsel, that he was 'objecting to the entire proceeding' was insufficient to preserve the specific challenges he now raises regarding the validity of his waiver of jury trial."). Finally, Karimzada did not substantially comply with the contemporaneous objection rule. On the contrary, he never complained to the trial judge about the extent of the inquiry and instead raised this objection for the first time on direct appeal. Accordingly, this claim is procedurally defaulted and I may only reach its merits if Karimzada can establish "cause for the default and actual prejudice as a result of the alleged violation of federal law," *Coleman*, 501 U.S. at 750, or a fundamental miscarriage of justice, *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002). He argues neither, so I deny this claim.

I note that, in any event, this claim does not allege the deprivation of a clearly established federal right. Karimzada does not allege that his waiver of his right to trial by jury was actually unknowing or unintelligent, only that the trial judge's inquiry into his waiver on the record was too brief to demonstrate its validity.[2] But "[a] court is not constitutionally required to conduct an on the record colloquy with a defendant prior to a waiver of the right to a jury trial." *Marone v. United States*, 10 F.3d 65, 67 (2d Cir. 1993); *see United States v. Carmenate*, 544 F.3d 105, 108 (2d Cir. 2008) ("All that the Constitution requires is that a waiver of the right to a jury trial be knowing, voluntary, and intelligent.").

2. *Punishment for Exercising Right to Trial*

Karimzada also claims that the trial judge sentenced him harshly merely because he invoked his right to trial instead of pleading guilty. I find that this claim, which was denied

---

[2] Indeed, if Karimzada had asserted that his waiver was in fact unknowing, I would have been compelled to find that claim unexhausted. It is not apparent from the record that Karimzada's waiver was unknowing – indeed, the record suggests the opposite – so if Karimzada wished to raise that claim, he would first have had to litigate it in New York state courts in a motion under New York Civil Procedure Law § 440.10. *See People v. Johnson*, 51 N.Y.2d 986, 987-88 (1980). That motion is the proper vehicle for claims that rely on evidence extraneous to the record.

by the Appellate Division as unpreserved, is also procedurally defaulted. Karimzada does not deny that he was obligated to raise this claim in the trial court to comply with New York's contemporaneous objection rule. He argues instead that he did in fact comply with the rule and that the Appellate Division erred in refusing to hear this claim. Specifically, Karimzada contends that his lawyer objected to the sentence as unlawfully imposed when, before sentencing, he said to the judge, "Oftentimes, you know, that courts hold it against the defendant for going to trial." This statement does not, however, satisfy the standard for a contemporaneous objection under New York law. To lodge a sufficient objection, a party must have "made his position with respect to the ruling or instruction known to the court." N.Y. Crim. Proc. Law § 470.05(2). A general warning by counsel *before* sentencing that the trial judge may not punish the defendant for exercising his right to trial does not adequately alert a judge that the defendant objects to the sentence actually imposed as unlawful, much less provide an opportunity for the judge to reconsider the sentence or expressly rule on the objection. *See id.*

The claim is also meritless. Karimzada argues that he was punished for invoking his right to trial because he received a harsher sentence than the one (he speculates) he would have received had he been sentenced for the rape when he was sentenced for two other rapes pursuant to a guilty plea in 1997. But even assuming Karimzada has speculated correctly, "trial judges are entitled to encourage guilty pleas by imposing on a defendant who pleads guilty a lesser sentence than would have been imposed had the defendant stood trial." *United States v. Cruz*, 977 F.2d 732, 733 (2d Cir. 1992) ("[T]he reduced sentence for a guilty plea represents a reduction from a sentencing norm ascertained independent of the procedure by which guilt is ascertained. A sentence imposed upon a defendant who stands trial is that norm; it is not an enhancement above the norm as a cost of standing of trial.").

7

CONCLUSION

The petition is denied. Because Karimzada has not made a substantial showing that he was denied a constitutional right, no certificate of appealability shall issue.

                                       So ordered.

                                       John Gleeson, U.S.D.J.

Dated: February 17, 2010
       Brooklyn, New York